John Holman (SBN 176947)
HOLMAN & MARTIN
P.O. Box 2664
San Anselmo, CA 94979
Phone:  (415) 446-8539
Email:  johnholman99@yahoo.com

Attorney for Plaintiff
3216 BALBOA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3216 BALBOA, LLC, a California Limited Liability Company, | **Case No.:** 3:16-cv-05651 |
| Plaintiff, | **COMPLAINT** |
| v. | 1.  DECLARATORY RELIEF; |
| | 2.  WRONGFUL FORECLOSURE; |
| NATIONSTAR MORTGAGE, LLC, a Texas Limited Liability Company, | 3.  VIOLATION OF HOMEOWNERS BILL OF RIGHTS; AND |
| Defendants. | 4.  CANCELLATION OF INSTRUMENTS. |
| | **Judge:** _____ |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff 3216 BALBOA, LLC ("Plaintiff") alleges the following:

### PARTIES

1.       Plaintiff is, and at all times herein mentioned was, an unincorporated association that is a citizen of California, i.e., its sole and managing member is David Rienhart who is a citizen of California. At all times relevant times, Plaintiff owned and managed the real property commonly

known as 3214-3216 Balboa Street, in the City and County of San Francisco, California ("property").

2.      Defendant NATIONSTAR MORTGAGE, LLC ("Nationstar") is, and at all times herein mentioned was, an unincorporated association with citizenship in Delaware and Texas. Nationstar has "two members: Nationstar Sub 1 LLC (with 99% ownership) and Nationstar Sub 2 LLC (with 1% ownership). Both members are wholly owned by Nationstar Mortgage Holdings, Inc., which is incorporated in Delaware and has its principal place of business in Texas. No publicly traded corporation owns ten percent or more of Nationstar Mortgage Holdings, Inc.'s common stock. Thus, Nationstar . . . is a citizen of Delaware and Texas, and not a citizen of California." (See *Gardner*.[1])

3.      **Agency**. Plaintiff is informed and believes that, at all times herein mentioned, each of the Defendants was an agent, servant, employee, and/or joint-venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

4.      **Aiding and Abetting/Conspiracy.** Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff as alleged herein. By engaging in the conduct alleged herein to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals and wrongdoing.

5.      **Alter Ego.** There is a unity of interest between Defendants and each acts as the alter ego of the other.

6.      **Defendants' Authorization and Ratification of Conduct.** Plaintiff is informed and believes, and thereon alleges, that each of the persons and/or entities who made fraudulent

---

[1]  *Gardner v. Nationstar Mortg. LLC,* No. 2:14-cv-1583-TLN-CKD (E.D. Cal. Dec. 16, 2014).

misrepresentations, fraudulently concealed material facts, or otherwise engaged in fraud, deceit, tortious misconduct or breach(es) of contract alleged herein, engaged in such conduct as the authorized agents, employees or co-conspirators of each of the named Defendants and, at the time of the making such misrepresentations or engaging in such conduct, were acting within the course and scope of said agency, employment or conspiracy and with the full authorization, aid, abetment, encouragement, and assistance of each of the other named Defendants. Moreover, each of the named Defendants expressly or impliedly ratified and adopted said misconduct.

7.    **Tolling of Statute of Limitation By Fraudulent Concealment.** Any applicable statutes of limitation have been tolled by Defendants' intentional fraud, deceit and continuing, knowing and active concealment of the facts alleged herein. By virtue of Defendants' concealment and misrepresentations to Plaintiff, Defendants' alleged actions and misconduct were not previously discovered by Plaintiff.

8.    Alternatively, Defendants should be estopped from relying on any statutes of limitation. Defendants owed Plaintiff an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge that duty. Moreover, no statute of limitation bars the claims alleged herein because Defendants' misconduct constitutes an ongoing violation of Plaintiff's rights that continues to the present.

9.    **Tolling of Statute of Limitation By Delayed Discovery.** Any applicable statutes of limitation have been tolled because Plaintiff filed this action less than six (6) months after first discovering that Plaintiff had suffered harm caused by Defendants' conduct alleged herein. Before said date of discovery, Plaintiff did not discover and did not know of any facts that would have caused a reasonable person to suspect that Plaintiff had suffered harm caused by Defendants' misconduct. Further, before said date of discovery, Plaintiff did not discover, and a reasonable and diligent investigation would not have disclosed, that a factual basis existed for the causes of action alleged herein or that the conduct of Defendants had harmed Plaintiff or contributed to such harm as alleged herein.

1

**JURISDICTION & VENUE**

2   10.  Pursuant to 28 USC § 1332, this court has original jurisdiction because the civil

3  action arose between citizens of different states (above) and the matter in controversy exceeds

4  seventy-five thousand dollars ($75,000) exclusive of costs and interest as alleged further herein.

5   11.  This court is a proper venue because a substantial part of the events or omissions

6  giving rise to the claim(s) alleged herein occurred in this District and a substantial part of subject

7  property is situated here. [28 U.S.C. § 1391(b)]

8

**COMMON ALLEGATIONS**

9   12.  On March 11, 2004, decedent Joanne Rienhart bought the property with a loan from

10  Bank of America, N.A. ("BofA"). Contract terms were memorialized in a Promissory Note ("Note")

11  secured by a Deed of Trust ("DOT"). (These instruments are collectively referenced as "contract" or

12  "Note/DOT" since the DOT automatically follows any transfer of the Note.)[2]

13   13.  Based on a professional securitization audit, Plaintiff is informed and believes that,

14  on or before April 29, 2004 ("Closing Date"), BofA transferred the Note/DOT to Banc of America

15  Mortgage Securities, Inc. ("Depositor") as part of a ***failed*** attempt to securitize the loan into Banc of

16  America Alternative Loan Trust 2004-4 ("TRUST"). The governing PSA[3] required all securitization

17  transfers to be bankruptcy-remote, "true sales" memorialized by the seller's endorsement of the

18  Note/DOT and a certificate of delivery and acceptance from the purchaser. (See Accounting

19  Standard 140.) Sellers had to completely relinquish interests in the Note/DOT to protect the TRUST

20  from bankruptcy claw-back. So the Depositor owned all interest in the Note/DOT after the Closing

21  Date.

22   14.  However, securitization was never completed. Based on the record chain of title and

23  a securitization audit, Plaintiff is informed and believes that the Depositor *never* assigned the

24  Note/DOT to the securitization trustee, Wells Fargo Bank, NA ("WFB"), as required by the PSA.

25

26  [2] Civil Code §2936.

27  [3] Pooling and Servicing Agreement.

15.     Instead, WFB falsely claims ownership of the Note/DOT from an Assignment of Deed of Trust ("ADOT") recorded by BofA on March 31, 2011. **But this late assignment failed for two reasons.** First, a professional securitization audit supports allegations on information and belief that BofA already sold the Note/DOT to the Depositor so nothing was left to give WFB in 2011.

16.     Second, BofA's late assignment was *void* under New York trust law governing the PSA. According to the PSA, the *Depositor* was the only entity empowered to assign the Note/DOT to WFB and that crucial transfer had to be completed *by the Closing Date.* Violation of these PSA terms would destroy the TRUST's tax-free status. Consequently, the ADOT was *void* because BofA tried to *directly* assign the Note/DOT to the securitization trustee *many years after* the Closing Date in direct violation of New York trust law. (See *Glaski*, etc.)[4]

17.     Plaintiff also alleges on information and belief that WFB never acquired the Note/DOT from another assignment since contrary evidence does not exist in the recorded chain of title or anywhere else to the best of Plaintiff's knowledge.

18.     On May 19, 2014, Joanne Rienhart transferred all of her interests in the Note/DOT to an *inter vivos* trust for the benefit of her natural children shared with David Rienhart. She named Joanna Cheung as trustee and her former husband, David Rienhart, as a special trustee. On May 22, 2014, Decedent/Appellant died in her home on the subject property. And, on December 11, 2015, Joanna Cheung quitclaimed all of the trust's interests in the subject property to Plaintiff so it could manage the property for the benefit of Joanne and David Rienhart's children.

19.     On June 6, 2016, WFB recorded a *void* Substitution of Trustee ("SOT") that purported to name BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP ("Barrett") as the new trustee under the DOT. However, this substitution is *void and subject to cancellation* because Plaintiff is informed and believes that WFB never acquired the Note/DOT (above).

---

[4] *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079, generally cited with approval on other grounds by the California Supreme Court in *Yvanova v. New Century Mortgage* (2016) 62 Cal.4th 919, 939.

---

**COMPLAINT, Pg.** 5

20.     On June 10, 2016, Barrett recorded a *void* Notice of Default ("NOD") to initiate the subject nonjudicial foreclosure.  Plaintiff is informed and believes that the NOD was recorded and served at the behest of Defendant Nationstar. The NOD threatens that Barrett will foreclose and sell the property at a trustee sale unless Plaintiff immediately pays $471,361.92 (or more) to Defendant Nationstar.

21.     Plaintiff is informed and believes that Nationstar fraudulently inflated this payoff amount with unsubstantiated penalties, fees and costs that are not authorized by the Note/DOT. Plaintiff alleges on information and belief that this was done for two reasons. First, Defendant wanted make it impossible for Plaintiff save the home from foreclosure because that is the most profitable outcome for Defendant and other servicers since they cannot otherwise recoup money advanced to the TRUST to offset missed payments on the loan. Second, Defendant and other servicers' profits are a percentage of the total debt owed so they make more money under the servicing contract when the debt is inflated.

22.     On September 14, 2016, Barrett recorded a *void* Notice of Trustee Sale ("NOTS") threatening to sell the property at public auction at 2 p.m., on October 17, 2016, unless Plaintiff pays the amount demanded in the NOD. Plaintiff is informed and believes that the NOTS was recorded and served at the behest of Defendant Nationstar.

23.     Plaintiff alleges on information and belief that the NOD and NOTS are ***void and subject to cancellation*** because the chain of title is broken in violation of Civil Code §2924(a)(6) since Barrett was never validly substituted as a trustee under the DOT (above) and recorded said instruments at the behest of Defendant Nationstar without authority from the Note/DOT's true beneficiary.

24.     Plaintiff also alleges on information and belief that the NOD and NOTS are ***void and subject to cancellation*** for violation of the following provisions enacted under the Homeowner Bill of Rights ("HBOR"). The NOD and NOTS violate Civil Code §2924.17(a) & (b) because missing/void assignments and robosigning destroyed the chain of title and Nationstar ordered Barrett to record said instruments without "competent and reliable evidence to substantiate the

1   borrower's default and the right to foreclose, including the borrower s loan status and loan

2   information."

3       25.    The NOD and NOTS violate Civil Code §2923.55(a) & (b)(1)(B) because, *inter alia,*

4   Nationstar never provided a written "statement that the borrower may request the following: (i)  A

5   copy of the borrower's promissory note or other evidence of indebtedness. (ii)  A copy of the

6   borrower's deed of trust or mortgage. (iii)  **A copy of any assignment, if applicable, of the**

7   **borrower's mortgage or deed of trust required to demonstrate the right of the mortgage**

8   **servicer to foreclose**. [and] (iv)  A copy of the borrower's payment history since the borrower was

9   last less than 60 days past due."

10      26.    The NOD and NOTS also violate Civil Code §2923.55(a) because Nationstar failed

11  to fulfill all loss mitigation procedures set forth therein (e.g., its modification application process

12  effectively barred Plaintiff and the trustee of Joanne Rienhart's estate from modifying the loan to

13  preserve the property and equity therein for the children of Joanne and David Rienhart).

14      27.    Based on the foregoing, Plaintiff is entitled to relief for the claims listed below,

15  including, without limitation, "an action [under Civil Code §2924.12] for injunctive relief to enjoin

16  [] material violation[s] of Section[s] 2923.55 [above], [and/or] 2924.17 [above]." Plaintiff will seek

17  "reasonable attorney's fees and costs" for this action under Civil Code §2924.12(i).

18                      **FIRST CAUSE OF ACTION**
19                      DECLARATORY RELIEF
                        (Against Defendant)
20

21      28.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs

22  1 through 27 as though fully set forth herein.

23      29.    An actual and justiciable controversy presently exists between Plaintiff and

24  Nationstar about their respective rights and duties under the relevant contract, i.e., the Note/DOT.

25  Plaintiff alleges on information and belief that Nationstar claims the Note/DOT or another

26  undisclosed agreement give it contractual standing to demand payments from Plaintiff and to

27  foreclose on the property by exercising the DOT's power of sale for any default by Plaintiff. As

---

**COMPLAINT, Pg.** 7

alleged above, Nationstar has already exercised these purported contract rights by ordering Barrett to record the NOD and NOTS that threaten an imminent trustee sale of the property, on October 17, 2016, unless Plaintiff immediately pays all demanded amounts to Nationstar (see above).

30.     Conversely, Plaintiff contends that Nationstar lacks contractual standing to demand payments and/or foreclose under the Note/DOT or any other agreement(s).

31.     Based on the foregoing, Plaintiff desires a judicial determination of the parties' respective rights and duties under the Note/DOT, and a judicial declaration that Nationstar lacks contractual standing to demand payments or foreclose under the Note/DOT or any other agreement(s).

32.     A judicial declaration is necessary and appropriate at this time because the parties need to ascertain their rights and duties under the Note/DOT and other undisclosed agreement(s) affecting Plaintiff's property rights as alleged herein.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter below.

**SECOND CAUSE OF ACTION**
WRONGFUL FORECLOSURE
(Against Defendant)

33.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 32 as though fully set forth herein.

34.     As alleged more fully above, Nationstar ordered Barrett to record the NOD and NOTS that currently threaten to steal Plaintiff's real property and equitable interests therein via an imminent trustee sale on October 17, 2016.

35.     Nationstar's alleged misconduct is wrongful, illegal, fraudulent and willfully oppressive because it has no legal standing or authority to collect money or foreclose under the Note/DOT or any other agreement.

36.     As a direct and proximate result of Nationstar's alleged misconduct, Plaintiff has and will suffer monetary damages and other harm to be established according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### THIRD CAUSE OF ACTION
VIOLATION OF HOMEOWNER BILL OF RIGHTS
(Against Defendant)

37.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 36 as though fully set forth herein.

38.     Plaintiff alleges on information and belief that the NOD and NOTS are void and subject to cancellation because the chain of title is broken in violation of Civil Code §2924(a)(6) since Barrett was never validly substituted as a trustee under the DOT (above) and recorded said instruments at the behest of Defendant Nationstar without authority from the Note/DOT's true beneficiary.

39.     Plaintiff alleges on information and belief that the NOD and NOTS are ***void and subject to cancellation*** because Defendant Nationstar failed to comply with the following provisions of the Homeowner Bill of Rights ("HBOR"). The NOD and NOTS violate Civil Code §2924.17(a) & (b) because missing/void assignments and robosigning destroyed the chain of title and Nationstar ordered Barrett to record said instruments without "competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower s loan status and loan information."

40.     The NOD and NOTS violate Civil Code §2923.55(a) & (b)(1)(B) because, *inter alia,* Nationstar never provided a written "statement that the borrower may request the following: (i)  A copy of the borrower's promissory note or other evidence of indebtedness. (ii)  A copy of the borrower's deed of trust or mortgage. (iii)  **A copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose**. [and] (iv)  A copy of the borrower's payment history since the borrower was last less than 60 days past due."

41.     The NOD and NOTS also violate Civil Code §2923.55(a) because Nationstar failed to fulfill all loss mitigation procedures set forth therein (e.g., its modification application process

effectively barred Plaintiff and the trustee of Joanne Rienhart's estate from modifying the loan to preserve the property and equity therein for the children of Joanne and David Rienhart).

42.     Based on the foregoing, Plaintiff is entitled to relief for the claims listed below, including, without limitation, damages and an action under Civil Code §2924.12 for injunctive relief to enjoin material violations of Civil Code §§ 2923.55 (above) and/or 2924.17 (above). Plaintiff will seek damages and "reasonable attorney's fees and costs" for this action under Civil Code §2924.12(i).

43.     As a direct and proximate result of Nationstar's alleged misconduct, Plaintiff has and will suffer monetary damages and other harm to be established according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter below.

### SEVENTH CAUSE OF ACTION
CANCELLATION OF INSTRUMENTS
(Against Defendant)

44.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 43 as though fully set forth herein.

45.     As described above, the NOD, NOTS and other supporting instruments to be established according to proof at trial falsely purport to give Defendant the right to collect money and/or foreclose under the Note/DOT.

46.     The foregoing allegations establish that these instruments are void or voidable as to Plaintiff and  cannot support a foreclosure on the property by Defendant or anyone else acting on its behalf as complained of herein.

47.     Based on the impending foreclosure and other facts alleged above, Plaintiff suffers a reasonable apprehension that said instruments may cause serious harm to plaintiff if left outstanding.

48.     Therefore, pursuant to Civil Code §3412, Defendant's NOD, NOTS and other void instruments affecting Plaintiff's title to and occupancy of the subject real property should be cancelled, rescinded or otherwise removed from Plaintiff's title and credit record.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter below.

## **PRAYER**

Plaintiff prays for judgment as follows:

1. For a declaratory judgment establishing Plaintiff and Defendant's rights and duties with respect to the Note/DOT contract, including, without limitation, whether or not Defendant has legal standing to collect money on the Note or foreclose under the DOT.

2. For an order requiring Defendant to show cause, if any exists, why it should not be enjoined as described herein during the pendency of this action.

3. For a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendant and its agents, servants, employees, and all persons acting under, in concert with, or for Defendant from foreclosing upon and/or conducting a trustee's sale on the subject property pending the outcome of this litigation and permanently thereafter.

4. For damages in an amount to be established according to proof at trial;

5. For reasonable attorney's fees in an amount to be established according to proof at trial;

6. For costs of suit incurred in this action;

7. For a declaratory judgment establishing that the subject NOD, NOTS and supporting instruments (e.g., substitutions and assignments) established according to proof at trial, and each of them, are void and ordering Defendant to deliver said instruments, and each of them, to the Clerk of Court for cancellation.

8. For any further relief the court deems proper.

DATED: October 4, 2016                         HOLMAN & MARTIN


By:   /s/ John Holman_____
         John Holman, Attorney for Plaintiff

1

**DEMAND FOR JURY TRIAL**

2

    Plaintiff respectfully demands a jury trial in this action.

3

4

DATED:  October 4, 2016                                    HOLMAN & MARTIN

5

6

                                     By:  _/s/ John Holman_____

7

                                         John Holman, Attorney for Plaintiff

8

9

**VERIFICATION**

10

    The undersigned declares:

11

    I, David Rienhart, am the sole and managing member of Plaintiff 3216 BALBOA, LLC and

12

a special trustee for the estate of the original borrower, Joanne Rienhart. I am fully authorized to

13

handle litigation regarding the subject property in the above-entitled action on behalf of Plaintiff

14

and/or said estate.  I have read the foregoing complaint and know the contents thereof.  With respect

15

to the causes of action alleged therein, the same is true of my own knowledge, except as to matters

16

alleged on information and belief, and as to those matters, I believe them to be true.

17

    I declare under penalty of perjury under the laws of the United States of America that the

18

foregoing is true and correct. Executed on (date) October _____ 2016.

19

20

                               By: _____

21

                                    David Rienhart on Behalf of
                                    Plaintiff 3216 BALBOA, LLC

22

23

24

25

26

27

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff respectfully demands a jury trial in this action.

3

4

DATED:  October 4, 2016                    HOLMAN & MARTIN

5

6

7

By:   /s/ John Holman_____
                    John Holman, Attorney for Plaintiff

8

9

**VERIFICATION**

10

The undersigned declares:

11

I, David Rienhart, am the sole and managing member of Plaintiff 3216 BALBOA, LLC and

12

a special trustee for the estate of the original borrower, Joanne Rienhart. I am fully authorized to

13

handle litigation regarding the subject property in the above-entitled action on behalf of Plaintiff

14

and/or said estate.  I have read the foregoing complaint and know the contents thereof.  With respect

15

to the causes of action alleged therein, the same is true of my own knowledge, except as to matters

16

alleged on information and belief, and as to those matters, I believe them to be true.

17

I declare under penalty of perjury under the laws of the United States of America that the

18

foregoing is true and correct. Executed on (date) October _____ 2016.

19

20

By: _____
                    David Rienhart on Behalf of
                    Plaintiff 3216 BALBOA, LLC

21

22

23

24

25

26

27